NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 12, 2006[*]
Decided January 8, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** DIANE P. WOOD, Circuit Judge

| | |
|---|---|
| No. 06-2584 | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| ANTONIO HARRIS, *Petitioner-Appellant*, | |
| *v.* | No. 2:05-cv-103-RLY-WGH Richard L. Young, *Judge*. |
| ALAN FINNAN, Superintendent, Wabash Valley Correctional Facility, *Respondent-Appellee*. | |

## Order

Antonio Harris lost 180 days' good-time credit, and was demoted to a lower credit-earning class, after a disciplinary board concluded that he had struck officer Cooper during a riot at his prison. The district court denied Harris's petition for a writ of habeas corpus, but we reversed because the record did not answer two questions: first whether one member of the board had a conflict of interest, and second whether there was adequate reason to believe an informant who identified Harris as one of the guard's assailants. *Harris v. Hanks*, No. 02-3540 (7th Cir. Dec. 19, 2003) (nonprecedential order). On remand the district judge directed the state to hold a new hearing, which it did. A differently constituted board reached the same conclusion. Harris filed another petition for habeas corpus. This was denied, and the

---

[*] This successive appeal has been assigned to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

principal issue on appeal is the same one as three years ago: whether the board had adequate reason to believe the informant. (The change in the board's composition meant that the first issue did not recur.)

Our prior opinion explained that relying on the informant's information was problematic because the only apparent reason for thinking it credible is that the investigator who relayed the information had checked the box on a preprinted form reading: "Each confidential source approached the undersigned separately. They each run with different groups and would have no reason to concoct the information given to the undersigned. Each source provided substantially similar information to the undersigned." The reference to multiple confidential sources did not appear to be applicable, however, because the board heard from only one. At the second hearing, the investigator went into more detail and explained that, during a six-month probe, ten informants had provided information about which inmates attacked which guards during the riot. Only one of these, C.I. 01WVCF0828-7, identified Harris as one of Cooper's assailants. But C.I. 01WVCF0828-7 provided information about other assailants (and attacks on other guards) that meshed with the information supplied by three different informants; that's why the investigator believed C.I. 01WVCF0828-7's story about Harris. The board believed it too.

Harris's appellate brief appears to misunderstand what the investigator told the board. The brief asserts that the investigator must be lying, because only one informant, not three, identified Harris as among Cooper's attackers. Yet the investigator did not say that three informants had identified Harris; he said, rather, that the observations of four informants (C.I. 01WVCF0828-7 and three others) overlapped and corroborated each other, and were credible for the further reason that the informants "run with different groups and would have no reason to concoct the information". The board was entitled to credit C.I. 01WVCF0828-7, see *Whitford v. Boglino*, 63 F.3d 527, 535–36 (7th Cir. 1995), and the informant's information thus provides "some evidence" for the decision and defeats Harris's constitutional challenge. See *Superintendent v. Hill*, 472 U.S. 445 (1985).

Harris asks for a remand because the district judge failed to address one of his arguments: that the board should have discussed the exculpatory evidence he submitted. The judge should have mentioned this argument, but his failure to do so does not require further proceedings. Harris is making a legal contention, and as appellate review is non-deferential we can resolve the dispute ourselves. The Supreme Court has held that prison disciplinary boards must give reasons, including a statement of the evidence relied on. See *Wolff v. McDonnell*, 418 U.S. 539, 564–65 (1974). It has not held, however, that boards must make subsidiary findings. This board gave a reason, which also identified the evidence relied on: the board credited the informant's statement. That implies the rejection of Harris's defense. It is not as if Harris's evidence were conclusive. He presented statements by inmates that most rioters were white (Harris is black), and that Cooper could identify only one person (a tattooed white inmate) as an assailant. But Cooper was struck by at least four inmates and injured sufficiently severely that his memory was affected; that one or more attackers was white does not rule Harris out.

AFFIRMED